Polyclad v. MacDermid                    CV-99-162-M    02/13/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Polyclad Laminates, Inc.,
and Fry Metals, Inc., d/b/a
PC Fab Division of Alpha Metals, Inc.,
      Plaintiffs

      v.                                  Civil No. 99-162-M
                                          Opinion No. 2001 DNH 028
MacDermid, Inc.,
      Defendant


                         **O R D E R**


      Plaintiffs move to exclude what they say is "untimely patent

enablement experimental evidence," claiming that defendant's

submission of such evidence is without "reasonable justification"

and "will work a substantial and undue prejudice upon Plaintiffs

and their two technical experts."  Plaintiffs' motion to exclude

(document no. 100).  The court disagrees.


      Regardless of how the disputed material is characterized

(e.g., as mere supplementation of defendant's earlier, timely

disclosed, expert report (see Fed. R. Civ. P. 26(e)); or as

rebuttal to plaintiff's expert report, as contemplated by the

parties' stipulated scheduling order (document no. 11); or as untimely augmentation of the opinion(s) expressed in defendant's original expert report), plaintiffs have ample time to respond. Although the parties originally agreed that trial could be scheduled for "early 2001," <u>see</u> stipulated scheduling order, that date was plainly optimistic and is no longer realistic. The court recently granted defendant's motion for a <u>Markman</u> hearing, which will likely be scheduled for a date in May or June. Once the patent in suit is construed, the parties will be afforded ample time to submit dispositive motions based upon that construction. It is, therefore, unlikely that this matter will proceed to trial before the fall of 2001.

Consequently, plaintiffs will not be prejudiced by the denial of their motion to exclude; they have more than adequate time to review the report(s) prepared by defendant's expert and, if they choose, to conduct similar experiments aimed at verifying (or undermining) the expert's findings and conclusions. Moreover, because defendant says that such evidence is essential to a full and fair defense of the claims plaintiffs have brought

2

against it, the interests of justice will be best served by allowing defendant to rely upon such evidence, assuming it is properly presented.

Plaintiff's motion to exclude patent enablement evidence (document no. 100) is denied. <u>See generally</u> <u>Samos Imex Corp. v. Nextel Communications, Inc.</u>, 194 F.3d 301 (1st Cir. 1999). Defendant's motion to submit corrected pleading (document no. 108) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

February 13, 2001

cc: Howard J. Susser, Esq.
    Garry R. Lane, Esq.
    John M. Delehanty, Esq.
    James K. Robertson, Esq.
    Steven M. Gordon, Esq.
    Steven M. Bauer, Esq.